UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Block Electric Co, Inc.<br> Plaintiff,<br><br>v.<br><br>Liberty Mutual Insurance Company,<br> Defendant.<br>Liberty Mutual Insurance Company,<br> Counter-Plaintiff/Third-Party Plaintiff,<br><br>v.<br><br>Block Electric Co, Inc.,<br> Counter-Defendant,<br><br>and<br><br>Noresco, LLC,<br> Third-Party Defendant. | Case Number: 1:17-cv-05987<br><br>Honorable Judge<br> Robert W. Gettleman |

## JOINT INITIAL STATUS REPORT

Now come the Parties, Block Electric Co., Inc., by and through its attorneys, Rathbun, Cservenyak & Kozol, LLC, Liberty Mutual Insurance Company, by and through its attorneys, Akerman, LLP and Cliff DeVine, and Noresco, LLC, by and through its attorneys Molzahn, Reed & Rouse, LLC, and for their Joint Initial Status Report, state as follows:

A. **The date and time matter is set for a status report before the Court.**

May 10, 2018 at 9:00 a.m.

B. **The attorneys of record for each party, indicating which attorney is expected to try the case.**

*Attorneys for Plaintiff/Counter-Defendant*
Meghan E. Preston
Michael J. Lichner – Lead Trial Attorney
Mario P. Carlasare
Rathbun, Cservenyak & Kozol, LLC

1

Case: 1:17-cv-05987 Document #: 44 Filed: 05/04/18 Page 2 of 12 PageID #:142

9450 Enterprise Drive
Mokena, Illinois 60448
(708) 479-9949

*Ms. Preston and Mr. Lichner are expected to try the case.

*Attorneys for Defendant/Counter-Plaintiff/Third-Party Plaintiff*
Clifford DeVine
45500 Grand River Avenue
Novi, Michigan 48374
(248) 348-8710

Timothy Sendek
Jordan Mobley
Akerman LLP
71 S. Wacker Drive, 46th Floor
Chicago, Illinois 60606
(312) 634-5700

*Mr. DeVine and Mr. Sendek are expected to try the case.

*Attorney for Third-Party Defendant*
Steven P. Rouse
Molzahn, Reed & Rouse, LLC
20 N. Clark Street, Suite 2300
Chicago, Illinois 60602
(312) 917-1880

*Mr. Rouse is expected to try the case.

**C.** **The basis for federal jurisdiction.**

This Court has jurisdiction over the subject matter of this Complaint pursuant to the Miller Act, 40 U.S.C. § 3133, and pursuant to 28 U.S.C. §§ 1331 and 1332.

**D.** **Whether a jury has been requested and by which party.**

Liberty Mutual Insurance Company has requested a jury trial.

E. **The nature of the claims asserted in the complaint and any counterclaim, including a brief statement of the factual context of the case, along with a description of any affirmative defenses.**

Block's Complaint

Block Electric Co., Inc., ("Block") filed a complaint against Liberty Mutual Insurance Company ("Liberty") under the Miller Act. Liberty's insured, DeMaria Building Company ("DeMaria"), was retained by Noresco, LLC ("Noresco"), to provide general contracting services in connection with the Argonne National Laboratory - CHP ESPC Project in DuPage County, Illinois. The property is owned by the United States Department of Energy. DeMaria obtained a payment bond from Liberty relative to the project. DeMaria subsequently entered into a subcontract agreement with Block for Block to provide electrical services on the project.

Block alleges that it substantially completed the work required of it under the subcontract agreement and that it performed all work in a good and workmanlike manner. Block further alleges that DeMaria failed and refused to pay all amounts due to Block under the subcontract. On December 13, 2016, Block tendered a notice of nonpayment and claim to Liberty under the terms of the Bond. However, Liberty refused to pay Block under the bond. Block claims the amount of $710,459 and also seeks to recover its costs and attorney's fees.

Liberty's Counterclaim

Liberty alleges that its obligations to Noresco and Block as surety are predicated upon there being no Owner Default and no disputed amounts owed to or from Block. DeMaria and Noresco are involved in arbitration proceedings, with each party having claims against the other. Liberty alleges that Noresco's arbitration counterclaim includes allegations of breaches of contract by DeMaria, some of which involve Block's performance on the project. Liberty further contends that Block's contract with DeMaria requires it to indemnify DeMaria and its agents in connection with

3

its work; indemnify DeMaria if it fails to perform its contract within the time specified; and, to make good or replace, at no expense to DeMaria or Noresco, any damage to its work which occurs prior to final acceptance. The contract further gives DeMaria the right to withhold payment for defective work and withhold payments pending corrective action. The contract requires Block to reimburse DeMaria for any costs, expenses, including attorney's fees incurred by DeMaria in defending claims that arise from Block's performance and allows DeMaria to deduct Block's prorata share of costs, expenses and attorney's fees incurred by DeMaria in prosecuting a claim against Noresco for work done by Block. Liberty claims that if it is determined in the arbitration proceedings that Noresco's claims against DeMaria that involve Block's work have merit, then DeMaria and Liberty are entitled to set off against any sums that may be owed to Block by DeMaria the amount of damages awarded by the arbitrator that are related to Block's work, plus attorney's fees and any other damages to which DeMaria and Liberty are entitled.

Liberty's Third-Party Complaint

Liberty alleges that Noresco has breached its contract with DeMaria. Liberty further alleges that if Noresco had not breached the contract, DeMaria would have been paid and would have paid Block. Liberty contends that Noresco owes it a duty to indemnify it and hold it harmless from all claims, defenses, and costs it incurs as a result of Noresco's breach of contract.

Noresco's Defense

DeMaria and Noresco have reached a tentative settlement at mediation in the course of arbitration proceedings. Noresco contends that an agreement in principle on settlement has been reached between DeMaria and Noresco at Mediation, with a draft memorializing the agreement in process. As such, Noresco contends that the Third-Party Complaint filed by Liberty as Surety for DeMaria should therefore be dismissed with prejudice as against Noresco.

**F.     The relief sought by any party, including computation of damages, if available.**

<u>Block's Complaint</u>

Block claims to be due the amount of $710,459 under the subcontract with DeMaria and also seeks to recover its costs and attorney's fees.

<u>Liberty's Counterclaim</u>

A computation of Liberty's claimed damages is not available. It seeks a set-off against sums that may be owed to Block by DeMaria to the extent that any damages are awarded to Noresco in the arbitration proceedings that are related to Block's work, plus attorney's fees and costs. Alternatively, Liberty seeks a set-off against any sums that may be owed to Block by DeMaria to the extent such sums were deducted from the amounts claimed by DeMaria against Noresco that are related to Block's work, plus attorneys' fees and costs.

<u>Liberty's Third-Party Complaint</u>

A computation of Liberty's claimed damages is not available. To the extent that DeMaria is awarded damages against Noresco in the arbitration, Liberty seeks an award of its costs, expenses and attorney's fees incurred in defending this action by Block.

<u>Noresco's Defense</u>

Noresco contends that an agreement in principle on settlement has been reached between DeMaria and Noresco at Mediation, with a draft memorializing the agreement in process. As such, Noresco contends that the Third-Party Complaint filed by Liberty as Surety for DeMaria should therefore be dismissed with prejudice as against Noresco.

**G.     The name of any party who or which has not been served, and any fact or circumstances related to service of process on such party.**

All parties have been served.

H. **The principal legal issues (including the citation to any key legal authority related to such issue).**

1. Whether Plaintiff has a valid claim against Liberty under the bond pursuant to the Miller Act, 40 U.S.C. § 3133.

2. Whether Block, Liberty, Noresco, and DeMaria breached or complied with the terms of the contracts at issue.

3. Whether decisions made in the arbitration proceedings between DeMaria and Noresco affects the litigation between Block and Liberty, particularly whether it affects any obligation Liberty may have to pay Block pursuant to the bond.

I. **The principal factual issues, including the parties' respective positions on those issues.**

1. Whether DeMaria complied with its obligations under its subcontract with Block.

   a. Block asserts that DeMaria breached the contract between them by failing to pay all amounts.

   b. Liberty asserts that DeMaria complied with the terms of the contract and paid all amounts required to be paid.

   c. Noresco does not yet have sufficient information to take a position.

2. Whether Block complied with its obligations under its contract with DeMaria.

   a. Block asserts that it did comply with its obligations by substantially performing the work required of it in a good and workmanlike manner.

   b. Liberty contends that Block failed to complete its contract, failed to submit satisfactory as-built drawings, and failed to correct defective work, causing substantial delay to the project completion date, and subjecting DeMaria to liquidated damages and set offs by Noresco.

6

      c.    Noresco does not yet have sufficient information to take a position.

3.    Whether DeMaria complied with its obligations under the contract with Noresco.

      a.    Block does not yet have sufficient information to take a position.

      b.    Liberty contends that DeMaria did not breach its contract with Noresco; but, to the extent that Noresco has set offs against DeMaria's claim related to the work of Block, such sums should be set off against any amounts Block is found to be owed by DeMaria.

      c.    Noresco neither contends nor denies whether DeMaria complied with its obligations under the contract, but asserts that any dispute at issue between Noresco and DeMaria has been tentatively settled at Mediation before Ty D. Laurie, Esq. on February 14, 2018.

4.    If DeMaria did not comply with its obligations under the contract with Noresco, whether any breaches of the contract related to Block's work.

      a.    Block contends that it complied with its obligations under the contract with DeMaria by substantially performing the work required of it in a good and workmanlike manner.

      b.    Liberty contends that Block failed to complete its contract, failed to submit satisfactory as-built drawings, and failed to correct defective work, causing substantial delay to the project completion date, and subjecting DeMaria to liquidated damages and set offs by Noresco.

      c.    Noresco does not yet have sufficient information to take a position.

    **J.**    **A brief description of all anticipated motions.**

1. Noresco intends to make a motion to compel arbitration of the matters raised in this litigation. Or in the alternative, seek dismissal of the Third-Party Complaint pursuant to the agreement in principle reached between DeMaria and Noresco at Mediation on February 14, 2018.

2. Motions for summary judgment are anticipated upon completion of fact discovery.

    **K.**    **A proposed discovery plan pursuant to F. R. Civ. P. 26(f), including a brief description of what discovery has been taken, if any, what remains to be taken, a schedule for expert designations and discovery, and a proposed discovery cutoff.**

No discovery has been taken. The parties' discovery plan is:

(A) Rule 26(a) initial disclosures by: June 30, 2018

(B) Discovery may be needed regarding (1) Block's work on the project, (2) payments made by Noresco to DeMaria for Block's work on the project, and (3) any work by Block that Noresco or DeMaria claim was deficient. Fact discovery is expected to be completed by January 31, 2019. Expert discovery is expected to be completed by April 30, 2019.

(C) At this time, there are no known issues about disclosure, discovery, or preservation of electronically stored information.

(D) At this time, there are no known issues about claims of privilege or of protection as trial-preparation materials.

(E) At this time, there are no known changes that should be made in the limitations on discovery imposed under these rules or by local rule.

(F) At this time, the parties are not requesting any other orders issue under Rule 26(c) or under Rule 16(b) and (c).

**L.**     **The earliest date the parties would be ready for trial and the probable length of trial.**

July 15, 2019

**M.**     **The status of any settlement discussions and whether a settlement conference would be appropriate. In this regard, counsel are directed to consider and discuss with their respective clients and each other the possibility of attempting to resolve this matter through alternative dispute resolution (ADR), and to briefly set forth the results of such consideration and discussion. For Lanham Act cases, the parties must comply fully with Local General Rule 16.3.**

This matter was stayed pending a mediation between DeMaria and Noresco related to the arbitration proceedings. Noresco contends that an agreement in principle regarding settlement has been reached between DeMaria and Noresco at Mediation, with a draft memorializing the agreement in process. After the mediation, DeMaria and Block engaged in settlement negotiations, which were unsuccessful. DeMaria and Block have withdrawn their respective settlement offers. DeMaria maintains that a settlement conference could be productive. Block does not believe a settlement conference would be appropriate at this time.

**N.**     **Whether the parties will consent to trial before a magistrate judge.**

The parties do not consent to trial before a magistrate judge at this time.

**Block Electric Co., Inc.**

By: /s/ Meghan E. Preston
*Attorney for Plaintiff/Counter-defendant*
Meghan E. Preston, ARDC No. 6293577
Michael J. Lichner, ARDC No. 6303827
Mario P. Carlasare, ARDC No. 6308707
Rathbun, Cservenyak & Kozol, LLC
9450 Enterprise Drive
Mokena, Illinois 60448
(708) 479-9949
mpreston@rcklawfirm.com
mlichner@rcklawfirm.com
mcarlasare@rcklawfirm.com

**Liberty Mutual Insurance Company**

By: /s/ Clifford DeVine
*Attorney for Defendant/Counter-plaintiff*
Clifford DeVine
45500 Grand River Avenue
Novi, Michigan 48374
(248) 348-8710
cliffd@demariabuild.com

By: /s/ Timothy Sendek
Timothy Sendek
Jordan Mobley
Akerman LLP
71 S. Wacker Drive, 46th Floor
Chicago, Illinois 60606
(312) 634-5700
Tim.Sendek@akerman.com
Jordan.Mobley@akerman.com

**Noresco, LLC**

By: /s/ Steven P. Rouse
*Attorney for Third-Party Defendant*
Steven P. Rouse
Molzahn, Reed & Rouse, LLC
20 N. Clark Street, Suite 2300
Chicago, Illinois 60602
(312) 917-1880
spr@m2rlaw.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BLOCK ELECTRIC CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case Number: 1:17-cv-05987 |
| LIBERTY MUTUAL INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

    I hereby certify that on May 4, 2018, I electronically filed the foregoing *Joint Initial Status Report* with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to the following:

Craig K. Kaplin
Molzahn, Reed, Rouse & Berger, LLC
20 N. Clark Street, Suite 2300
Chicago, Illinois 60602
ckk@m3rlaw.com

Timothy K. Sendek
Akerman LLP
71 S. Wacker Drive, 46th Floor
Chicago, Illinois 60606
312-634-5700
Tim.Sendek@akerman.com

Jordan Mobley
Akerman LLP
71 S. Wacker Drive, 46th Floor
Chicago, Illinois 60606
312-634-5700
Jordan.Mobley@akerman.com

Clifford DeVine
45500 Grand River Avenue
Novi, Michigan 48374
cliffd@demariabuild.com

**BLOCK ELECTRIC CO., INC.,**

BY:/s/ Meghan E. Preston
    MEGHAN E. PRESTON - #06293577
    TIMOTHY J. RATHBUN - #02288575
    MARIO P. CARLASARE - #06308707

RATHBUN, CSERVENYAK & KOZOL, LLC
9450 Enterprise Drive
Mokena, Illinois 60448
(708) 479-9949 – Phone
(708) 479-0503 – Facsimile
mpreston@rcklawfirm.com
trathbun@rcklawfirm.com
mcarlasare@rcklawfirm.com